JS-6

COPY

FILED
CLERK, U.S. DISTRICT COURT
AUG 29 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DOCKERS ROUNDTRIP AIRFARE PROMOTION SALES PRACTICES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS<br><br>CV 09-05023 CAS (FMOx) | Master File No.: CV-09-2847 CAS (FMOx)<br><br>[~~PROPOSED~~] **FINAL JUDGMENT AND ORDER OF DISMISSAL** |

This matter came before the Court for hearing pursuant to the Order of this Court, dated May 23, 2011 ("Preliminary Approval Order"), and on the joint application of the Parties for a judgment finally approving the Settlement that is set forth in the Settlement Agreement dated as of May 16, 2011 (collectively, including the Exhibits, the "Settlement Agreement"). Due and adequate notice having been given to the Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had for this matter and otherwise being fully informed in the premises and good cause appearing therefor, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. This Judgment and Order of Dismissal incorporates by reference the Preliminary Approval Order. This Judgment and Order of Dismissal further incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms contained in this Judgment and Order of Dismissal shall have the same meanings as set forth in the Settlement Agreement (in addition to those capitalized terms defined in this judgment).

2. The Court has subject matter jurisdiction over the Litigation, including all matters necessary to effectuate the Settlement pursuant to 28 U.S.C. §1332(d).

3. The Court certifies, for settlement purposes only, the following Class and Subclasses pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

   a. The Class shall consist of all persons identified in paragraph 3.2.1 of the Settlement Agreement; and
   b. Subclass A shall consist of all persons identified in paragraph 3.2.2 of the Settlement Agreement; and
   c. Subclass B shall consist of all persons identified in paragraph 3.2.3 of the Settlement Agreement.

4. A list of those persons who filed timely and valid requests for exclusion from the Class is attached as Exhibit A to this Judgment and Order of Dismissal and incorporated by reference as though fully set forth in this Judgment and Order of Dismissal. The persons appearing on Exhibit A shall not be members of the Settlement Class and shall have no right to receive any Settlement Benefits. All members of the Class (whether or not he or she submits a valid Claim Form) who have not validly excluded themselves from the Class shall be members of the Settlement Class and shall be bound by all determinations and judgments concerning the Settlement Agreement and the Settlement contemplated thereby.

5. The Court appoints the following Plaintiffs to serve as representative of the Class ("Class Representatives"): Marc Germain, Ann Germain, and Raymond P. Caccioli. The Court appoints the following counsel to serve as counsel for the Class ("Class

Counsel"): Daniel L. Germain of the law firm of Rosman & Germain LLP and David M. Cialkowski and Brian C. Gudmundson of the law firm of Zimmerman Reed, PLLP.

6. Solely for the purposes of effectuating the Settlement on the terms set forth in the Settlement Agreement, with respect to the Class and pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court further finds and concludes that:

    a. joinder of all members of the Class in a single proceeding would be impracticable, if not impossible, because of their number and dispersion;

    b. no conflict exists between the Class Representatives or Class Counsel and the Class;

    c. the Class Representatives and Class Counsel are adequate representatives for the Class;

    d. the Class Representatives' claims are typical of the Class;

    e. the Class Representatives are members of the Class and have claims representative of the claims and defenses presented in this case;

    f. commonality is satisfied in this case for settlement purposes, based upon the terms of the Settlement Agreement, as a number of common issues exist among members of the Class;

    g. common issues predominate over individual issues in the context of settlement, based upon the terms of the Settlement Agreement; and

    h. certification of an agreed-upon class is a superior mechanism for resolving these claims in the context of settlement.

7. Notice has been provided to the Class of the pendency of the Litigation, the conditional certification of the Class for purposes of the Settlement, and the preliminary approval of the Settlement Agreement and the Settlement contemplated thereby.

8. The Court finds that said notice and the related provisions for notice in the Settlement Agreement provided for the best notice practicable under the circumstances to

all Persons entitled to such notice and fully satisfied the requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure and the requirements of due process.

9. Defendants have complied with the applicable requirements of CAFA, including timely notice of the Settlement Agreement to the appropriate state and federal officials and the provision of other required information.

10. The Court finds that the provisions for claims administration in the Settlement Agreement fairly and adequately address the matters of settlement administration, claims submission and distribution of the Settlement Benefits to Authorized Claimants. To become an Authorized Claimant and receive to Settlement Benefits, a member of the Settlement Class must submit a claim in the manner set forth in the Settlement Agreement and comply with the instructions accompanying the Claim Form. The Claims Administrator will make distributions of the Settlement Benefits to Authorized Claimants in accordance with the terms of the Settlement Agreement.

11. All members of the Settlement Class who do not return a Claim Form before the deadline set forth in the Settlement Agreement and/or whose Claim Form is not accepted as valid by the Claims Administrator will be barred from participating in the distribution of Settlement Benefits, but in all other respects will be bound by all the terms of the Settlement Agreement and the terms of this Judgment and Order of Dismissal, including without limitation the releases provided for in the Settlement Agreement and in this Judgment and Order of Dismissal, and will be barred from bringing or prosecuting any action against the Released Parties concerning the Released Claims.

12. The Court has considered and hereby overrules all objections by members of the Class and finds they are no impediment to approval of the Settlement.

13. The Court finds that the Settlement Agreement was arrived at in good faith following extensive arms-length negotiations between experienced counsel, and the Settlement is fair, reasonable and adequate, and is in the best interests of all members of the Class within the meaning of Rule 23(e)(2) of the Federal Rules of Civil Procedure. The Court therefore approves the Settlement Agreement and the Settlement contemplated

thereby in all respects, and orders the Parties to perform its terms to the extent the Parties have not already done so.

14.   The Litigation, as well as all Released Claims (including Unknown Claims) against all Released Parties, is hereby dismissed with prejudice.  The Parties are to bear their own fees and costs in connection with the Litigation and the Settlement, except as otherwise provided in the Settlement Agreement.

15.   Upon the Effective Date, the Class Representatives and all Settlement Class Members shall be deemed to have, and by operation of this Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished and discharged with prejudice all Released Claims (including Unknown Claims) against all Released Parties. The Class Representatives and all Settlement Class Members are forever barred and enjoined from prosecuting any Released Claims (including Unknown Claims) against any Released Parties.

16.   The Settlement Agreement, the Settlement, and all proceedings, negotiations, acts, documents, and statements related thereto (collectively referred to herein as "Settlement Activities") shall not be deemed to be evidence of, or an admission by any Party of, any fault, liability or wrongdoing whatsoever as to any facts or claims alleged in the Litigation.  Neither the Settlement Agreement nor this Final Judgment and Order of Dismissal is a finding of, or evidence of the validity or invalidity of, any claims or defenses in the Litigation or any wrongdoing by any Party or any damages or injury to any Class Member.  The Settlement Activities do not constitute, and may not be used or construed as, an admission, concession, presumption, proof, evidence, or finding of any liability, fault, wrongdoing, injury or damages on the part of any Party.  The Settlement Activities shall not be admissible in any proceeding of any nature, for any purpose whatsoever; provided, however, that the Settlement Activities may be introduced in any proceeding, whether before the Court or otherwise, (a) to enforce the Settlement and/or this Judgment and Order of Dismissal or (b) to argue the *res judicata*, collateral estoppel, other preclusion effect of the Settlement.

17. Pursuant to the terms of the Settlement Agreement, Plaintiffs' Counsel made an application for an award of Attorneys' Fees and Expenses and for Service Awards for the Class Representatives. In an accompanying Order, the Court makes an award of Attorneys' Fees and Expenses and Service Awards. The Court hereby severs the above Fee and Expense Award from this Judgment and Order of Dismissal so that it shall immediately become a separate and independent order and not part of this Judgment and Order of Dismissal. Any order entered regarding the application by Plaintiffs' Counsel for Fees and Expenses shall in no way affect or disturb this Judgment and Order of Dismissal and shall be considered separate from it.

18. Without affecting the finality of this Judgment and Order of Dismissal in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; (b) the payment of attorneys' Fees and Expenses; (c) the payment of Class Representative Service Awards; and (d) all Parties for the purpose of construing, enforcing, and administering the Settlement Agreement.

19. The Court finds that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20. In the event that the Settlement Agreement and the Settlement does not become effective because (a) the Effective Date does not occur, (b) Final Approval is not obtained or is overturned on appeal, (c) the Settlement Agreement is cancelled, terminated, or rescinded, or (d) for any other reason, then the Settlement Agreement and the Settlement shall be null and void and of no force and effect, in accordance with the Settlement Agreement, and the following provisions shall apply:

    a. No Fees and Expenses whatsoever shall be awarded or payable to Plaintiffs' Counsel.

    b. No Service Awards whatsoever shall be awarded or payable to Plaintiffs.

c. LS&Co. will remain responsible to pay for Administrative Expenses already incurred and neither Plaintiffs nor Plaintiffs' Counsel shall be responsible to pay for such Administrative Expenses.

d. No Settlement Activity shall have any effect, be construed as an admission by any Party, or be admissible or discoverable for any purpose in the Litigation or in any other proceeding.

e. Nothing in the Settlement Agreement will be deemed to prejudice the position of any of the Parties with respect to the Litigation.

f. The Litigation shall for all purposes revert to its status as of the close of business (Pacific Time) on March 15, 2011. Within twenty (20) days after a determination that the Effective Date will not occur, the Parties shall advise the Court and seek to place the motion for class certification and the scheduling conference back on the Court's calendar.

**IT IS SO ORDRED:**

Dated 8/29/11

*Christina A. Snyder*
Hon. Christina A. Snyder
United States District Court Judge

- 7 -

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL

# EXHIBIT A

The following is a list of persons who filed timely and valid requests for exclusion from the Class and shall not be members of the Settlement Class and shall have no right to receive any Settlement Benefits:

a. Donald E. Brown;
b. Ida L. Brown;
c. Gayla Carter;
d. Alex R. Chew;
e. Lydia T. Chew;
f. Carol C. Cote;
g. Harry A. Cote;
h. Joy Cruise;
i. Luis A. Davila;
j. David Eurpongpan;
k. Johnny R. Gaspard
l. Joyce Gauser;
m. Charlotte Kramer;
n. Ole Olson;
o. Felix A. Prather;
p. Rita M. Raeside;
q. Deanne Regan;
r. Michael Regan;
s. Michael Smuda;
t. Katherine Sneddon;
u. William Sneddon;
v. Darlene Wyvel; and
w. Donald Wyvel;